IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WANDA G. STEPHENS,<br><br>      Plaintiff<br><br> VS.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>      Defendant | NO. 5:09-CV-201 (CWH)<br><br>**SOCIAL SECURITY APPEAL** |

**O R D E R**

This is a review of a final decision of the Commissioner of Social Security denying plaintiff Wanda G. Stephens' claim for benefits under the Social Security Act, 42 U.S.C. § 423. Both parties have heretofore consented for the United States Magistrate Judge to conduct any and all proceedings herein including the ordering of the entry of judgment. Any appeal from this judgment may, by law, be taken directly to the Court of Appeals of the Eleventh Circuit in the same manner as an appeal from any other judgment of a district court. 28 U.S.C. § 636(c)(3).

On December 16, 2005, plaintiff Stephens applied for a period of disability, disability insurance benefits, and Supplemental Security Income (SSI). Therein, she alleged that she became disabled on December 15, 2005. According to the plaintiff, her disability arose as the result of her osteoarthritis, degenerative disc disease, hypertension, diabetes, asthma, atherosclerotic heart disease, obesity, and seizures.

The plaintiff's applications were denied initially and upon reconsideration. As a result, she requested a hearing before an administrative law judge ("ALJ"). This hearing was held on March 4, 2008, after which the ALJ determined that she was not disabled. This decision was memorialized in a document dated September 2, 2008. On May 12, 2009, the Appeals Council denied the plaintiff's request for review. On June 12, 2009, the plaintiff filed this action. Tab #1.

In response, the Commissioner has filed an Answer (Tab #9), the administrative record (Tab #11), and a memorandum in support (Tab #15). In addition to her Complaint, plaintiff Stephens has also filed a supporting brief. Tab #12. This matter is now ripe for review.

# LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). Consequently, the court's role in reviewing claims brought under the Social Security Act is quite narrow.

The court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). In so doing, the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if it is supported by substantial evidence. *Id.*

The initial burden of establishing disability falls upon the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). This burden is quite heavy. Indeed, it is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker,* 660 F.2d 1078 (5th Cir. 1981). A claimant asserting entitlement to benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition, and with regard to claims for a period of disability and disability insurance benefits, the plaintiff must meet the insured status requirements set forth in sections 216(i) and 223 of the Social Security Act.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

When analyzing the issue of disability, the Commissioner must utilize a five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether or not the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals one or more of the impairments listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of his or her past work. Finally, and only if necessary, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ADMINISTRATIVE PROCEEDINGS

At the time of the ALJ's decision, plaintiff Stephens was forty-seven (47) years old. She had graduated from high school and had taken some additional vocational training. Her prior job experience included working as a nursing assistant and as a janitor. As was noted above, she is now alleging disability due to osteoarthritis, degenerative disc disease, hypertension, diabetes, asthma, atherosclerotic heart disease, obesity, and seizures.

Following a hearing on the issue of the plaintiff's entitlement to benefits, the ALJ first determined that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2009. Having made this determination, the ALJ next proceeded through the five step evaluation process discussed above. At step one, and after pointing out that the plaintiff had collected unemployment for a period of approximately twenty-three (23) weeks after her alleged disability onset date, the ALJ found that the plaintiff had not, despite interviewing for several jobs, engaged in any substantial gainful activity since her alleged disability onset date. In making this finding, the ALJ also noted that, during the time the plaintiff was receiving unemployment benefits, she inexplicably asserted that she was ready, willing, and able to work.

At step two of the evaluation, the ALJ found that, prior to and at the time of the hearing, plaintiff Stephens was suffering from a host of severe impairments including osteoarthritis, degenerative disc disease of the cervical spine, hypertension, diabetes mellitus, asthma, atherosclerotic heart disease, and obesity. At step three, however, the ALJ determined that the plaintiff's impairment or combination of impairments did not meet or medically equal any of the impairments listed in Appendix 1 of 20 C.F.R. Part 404, Subpart P.

Accordingly, and before moving on to step four, the ALJ evaluated the plaintiff's residual functional capacity (RFC). In so doing, he found the plaintiff's limitations to be as follows:

> *the claimant is limited to lifting and carrying 20 pounds occasionally with frequent lifting and carrying of objects weighing up to 10 pounds and would be limited to push and/or pull including the operation of hand and/or foot controls to 20 pounds occasionally and 10 pounds frequently. She can sit, stand, or walk up to 6 hours in an 8 hour work day but must have the option to sit/stand at 30 minute intervals. She is limited to occasional climbing of ramps and stairs, balancing, stooping, crouching, and crawling. She can reach, handle, finger, and feel frequently but not constantly and avoid reaching overhead. She can perform no work on ladders, ropes, scaffolds, unprotected heights, around dangerous moving machinery, and must avoid concentrated pulmonary irritants.*

In view of plaintiff's limitations, the ALJ concluded that she would not be able to perform any of her past relevant work but that she did have the RFC to perform a significant range of light work. For this reason, and at step five of the evaluation, the ALJ went on to consider whether any other suitable work was available for the plaintiff. Relying upon the testimony of a vocational expert as well as the plaintiff's RFC, age, education, and past work experience, the ALJ found several jobs which exist in significant numbers in the national economy which the plaintiff can perform. Accordingly, the ALJ concluded that the plaintiff was not disabled.

**THE PLAINTIFF'S CLAIMS**

In her complaint, plaintiff Stephens declares that she has made out a *prima facie* case of disability that has not been rebutted by substantial evidence to the contrary. Moreover, she avers that the ALJ erred by failing to afford controlling weight to her treating physician's opinion, failing to credit certain vocational expert testimony, and failing to find that her impairments met one or more of the listed impairments. She also argues that the Appeals Council abused its discretion by failing to consider her request for review.

Subsequently, and within the Statement of the Issues section of her supporting brief, she posed the following:

> 1. *Whether the Commissioner [improperly] rejected the opinions of treating and examining physicians, failed to apply the correct standards concerning diagnosis and statements of treating physicians and failed to properly evaluate and explain the weight given the medical evidence.*
>
> 2. *Whether the Commissioner erred in failing to credit the testimony of the vocational expert.*

Then, and throughout the remainder of her brief, she primarily argues that the ALJ improperly rejected the opinions of disability proffered by her physician Dr. Harvey Jones.

**DISCUSSION**

Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner must "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner." "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 404.1527(e)(1).

In general, the opinions of treating physicians are given substantial and/or considerable weight unless good cause is shown to the contrary. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). Good cause has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records." *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted). As the *Lewis* court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." *Id.*

With regard to the physician's opinion in this case, a review of the ALJ's written decision reveals that the ALJ afforded little weight to the opinion of Dr. Jones. In so doing, the ALJ provided a detailed account of Dr. Jones' opinion as well as a thorough discussion of the evidence upon which the opinion purportedly relied. Thereafter, the ALJ explained how and why the evidence of record was, in large part, contrary to or unsupportive of Dr. Jones' conclusions.

Having determined that much of the medical and other evidence of record was either contrary to and/or simply not supportive of the rather severe degree of limitation described by Dr. Jones, the ALJ decided not to afford controlling weight to the opinion. Thus, relying upon and referring to the other record evidence of the plaintiff's various conditions, the ALJ proceeded to make findings about the type and degree of the plaintiff's limitations. Upon these findings, and in accordance with pertinent testimony offered by the vocational expert, the ALJ found that the plaintiff was not disabled.

After carefully reviewing the entire record in this case, including the arguments of both parties, it appears to the undersigned that the ALJ's analysis and methodology were both sufficiently detailed and legally appropriate. Moreover, a review of the ALJ's written decision clearly demonstrates that his ultimate determination was supported by substantial evidence. For this reason, and in accordance with the legal standards identified above, the undersigned must conclude that the plaintiff's assertions concerning the propriety of the ALJ's treatment of Dr. Jones's opinion as well as his evaluation, discussion, and application of law to the facts of this case are without merit.

In view of the above, and with regard to the plaintiff's secondary assertion about the ALJ's allegedly erroneous failure to credit certain testimony proffered by the vocational expert, the undersigned finds that this argument is also unavailing. The testimony at issue was offered in response to hypothetical questions posed by the plaintiff's counsel concerning a claimant whose limitations exceeded those of the plaintiff. As such, it is clear that the vocational expert's testimony in response thereto was not relevant to the issue of plaintiff Stephens' disability. Consequently, the ALJ's decision not to credit the testimony was appropriate.

For the reasons stated above, the undersigned concludes that the Commissioner's final decision is supported by substantial evidence and was reached through a proper application of the appropriate legal standards. Accordingly, **IT IS ORDERED** that the Commissioner's decision be **AFFIRMED**.

**SO ORDERED** this 17th day of September, 2010.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE